UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FERN KOTTLER, an individual, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) **Case No.** |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| GULF COAST COLLECTION BUREAU, | ) |
| INC., a Florida Corporation, | ) |
| | ) |
|     *Defendant*. | ) |

**COMPLAINT**

**INTRODUCTION**

1. This is an action for damages arising from Defendant Gulf Coast Collection Bureau ("Defendant" or "GCCB"), violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"). Defendant violated said Act by attempting to collect an alleged debt from Plaintiff which, by law, she did not owe.

2. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The statute provides for civil liability for a wide range of abusive actions, including, but not limited to, the false representation of the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

3. There is only one affirmative defense to liability for a violation of the FDCPA, the "bona fide error" defense. 15 U.S.C. § 1692k(c). *See Tourgeman v. Collins Financial Services, Inc.*, 197 F. Supp. 3d 1222, 1225 (S.D. Cal. 2016).

4. The bona fide error defense applies only to procedural or clerical errors. It does not excuse mistakes of law — i.e., "violations resulting from a debt collector's mistaken interpretation of the legal requirements of the FDCPA." *See Jerman v. Carlisle, McNellie, Rini,*

*Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010). To take advantage of this defense, the defendant must show by the preponderance of the evidence that its violation of the Act was not intentional, was a bona fide error, and occurred despite the maintenance of procedures reasonably adapted to avoid any such error. *Edwards v. Niagara Credit Solutions, Inc.,* 584 F.3d 1350, 1352-53 (11th Cir. 2009).

5. The FDCPA is a strict liability statute and, therefore, does not require a showing of intentional conduct on the part of a debt collector. *Rivera v. Amalgamated Debt Collection Services*, 462 F. Supp. 2d 1223 (S.D. Fla. 2006). Further, a single violation of the statute is sufficient to establish civil liability. *Id*.

6. The Eleventh Circuit Court of Appeals has adopted the "least sophisticated consumer" standard to analyze claims of deception or misrepresentation under section 1692e. *Holzman v. Malcolm S. Gerald & Associates, Inc*., 16-16511, 2019 WL 1495642, at *3 (11th Cir. Apr. 5, 2019)(citing *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193, 1201 (11th Cir. 2010)(explaining that the least-sophisticated consumer standard applies to determine whether a debt collector has violated §§ 1692e or 1692f of the FDCPA)). This objective standard analyzes whether a hypothetical least sophisticated consumer would be deceived or misled by the debt collector's practices. *Jeter v. Credit Bureau, Inc*., 760 F.2d 1168, 1175-76 (11th Cir. 1985).

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), 28 U.S.C. § 1337 ("The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating

commerce ..."), and 15 U.S.C. §1692k (An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, ...").

8. Venue is proper in this judicial district because Defendant engaged in the complained of collection activities in this district. 28 U.S.C. § 1391(b) ("A civil action may be brought in— (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ...").

## PARTIES

9. Fern Kottler ("Plaintiff") is a natural person and resident of Broward County, Florida.

10. Fern Kottler, as further described herein, is a consumer as defined by 15 U.S.C. § 1692a(3).

11. Gulf Coast Collection Bureau, Inc. is a Florida corporation with its principal address in Sarasota, FL 34233, and whose registered agent is Jack Brown at 5630 Marquesas Cir., Sarasota, FL 34233.

12. Gulf Coast Collection Bureau, Inc, through the mailing of debt collection letters and other communications made in connection with the collection of debt, regularly attempts to collect "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13. Gulf Coast Collection Bureau, Inc. is registered as a consumer collection agency in the State of Florida (CCA9902150) and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

14. On or about February 5, 2018 Plaintiff was injured in a work-related accident which required medical treatment or services.

15. A portion of such necessary medical treatment or services was provided by Radiology Physician Solutions on February 5, 2018.

16. Under Fla. Stat. § 440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of recovery may require." *Ascension Benefits v. Robinson*, 232 So. 3d 1178, 1180 (Fla. Dist. Ct. App. 2017).

17. Additionally, under Fla. Stat. § 440.13(14)(a), Florida Statutes (2006), <u>a health care provider may not collect or receive a fee from an injured employee</u> within this state, except as otherwise provided by this chapter. Such providers have recourse against the employer or carrier for payment for services rendered in accordance with this chapter. *See Avalon Center v. Hardaway*, 967 So. 2d 268, 274 (Fla. Dist. Ct. App. 2007) (emphasis added)

18. Furthermore, in accord with these statutes, an employee is shielded from liability in any dispute between the employer or carrier and health care provider (as is the case here) regarding reimbursement for the employee's authorized medical or psychological treatment. *See id*.

19. Irrespective of the aforementioned facts, on or about June 6, 2018, Defendant sent Plaintiff a debt collection letter stating therein that, "The above account has been listed with Gulf Coast Collection Bureau for collection… This is an attempt to collect a debt and any information obtained will be used for that purpose," and demands payment for a total amount of $345.92.

20. The alleged balance due arose from medical services related to Plaintiff's documented workplace injury and is a "debt" within the meaning of 15 U.S.C. § 1692a(5). *See Dunham v. Lombardo,* 830 F. Supp. 2d 1305, 1307 (S.D. Fla. 2011) (finding that so long as a complaint "demonstrate[s] the debt involves a mortgage, credit card, *medical bill,* or other consumer debt," a consumer debt is established) (emphasis in original).

21. Although not specifically required to do so, at all times relevant herein, Defendant could have determined in a few minutes (if not seconds) that Plaintiff's injuries were the result of a covered workplace injury, as this information is readily ascertainable from both Defendant's client and/or by visiting https://www.jcc.state.fl.us/JCC/, the Office of the Judges of Compensation Claims.

22. Having been advised by Plaintiff at the time of treatment at Radiology Physician Solutions, Defendant possessed specific information regarding Plaintiff's injury, including the fact that it was a work-related injury; a critical fact which Defendant also knew or should have known.

23. Upon information and belief, Defendant's pattern and habit of sending dunning letters to individuals who received treatment for workplace injuries shows that Defendant's procedures are either not reasonable, or they failed to follow them. *See Owen v. I.C. Sys., Inc.,* 629 F.3d 1263, 1277 (11th Cir. 2011) (reversing summary judgment on defendant's bona fide error defense holding that defendant's limited procedures placed in this record were not reasonably adapted to avoid the type of interest errors within the purview of the bona fide error defense) (*citing Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 559 U.S. 573, 130 S.Ct. 1605, 176 L.Ed.2d 519 (2010)).

24. Because Defendant was not permitted to attempt to collect from Plaintiff under Florida's Workers' Compensation Statutes, it violated the FDCPA by sending Plaintiff the June 6, 2018 letter. *See Young v. NPAS, Inc.*, No. 2: 16-cv-01104 (D. Utah Feb. 5, 2019).

25. All communications referenced herein were made within the one year prior to the filing of this action.

## COUNT I
### Violation of the FDCPA at 15 U.S.C. § 1692e(2)(A)

26. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

27. Section 1692e(2)(A) prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including the false representation of "the character, amount, or legal status of any debt".

28. Defendant violated Section 1692e(2)(A) by violating Fla. Stat. § 440.13(3)(g), specifically by attempting to collect a debt from Plaintiff which, by law, she does not owe.

29. Defendant made such demand despite its knowledge of the facts surrounding Plaintiff's workplace injury and the protections afforded by Florida law.

30. A violation of state law may, as is this circumstance, be a violation of the FDPCA. *See LeBlanc,* 601 F.3d at 1192 ("[C]ollection activities that use 'any false, deceptive, or misleading representation or means,' . . . under state law, will also constitute FDCPA violations.").

31. More specifically, Section 1692e(2)(A) prohibits a debt collector from falsely representing of "the character, amount, or legal status of any debt." *Valle v. First Nat. Collection Bureau, Inc*., 252 F. Supp. 3d 1332, 1339 (S.D. Fla. 2017).

32. Defendant's debt collection letters and other communications falsely represent "the character, amount, or legal status" of the alleged debt by alleging that Plaintiff is

responsible for the alleged debt when, in fact, he is shielded from such liability by statute.

33. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**WHEREFORE**, Plaintiff requests judgment in her favor, and against Defendant for:

a. Statutory damages in the amount of $1,000 dollars;

b. Attorney's fees, litigation expenses and costs of suit;

c. Such other or further relief as the Court deems proper.

Dated: May 10, 2019

Respectfully submitted,

 s/ Scott D. Owens
Scott D. Owens, Esq. (FBN 0597651)
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

Paul Herman, Esq. (FBN 405175)
Consumer Advocates Law Group, PLLC
4801 Linton Blvd., Ste. 11A-560
Delray Beach, FL 33445
Tel: 561-236-8851
Fax: 561-431-2352
paul@consumeradvocatelaw.com