UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-61190-BLOOM/Valle

FERN KOTTLER

    Plaintiff,
v.

GULF COAST COLLECTION
BUREAU, INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant Gulf Coast Collection Bureau, Inc.'s Motion for Reconsideration of Order Denying Motion for Final Summary Judgment, ECF No. [47]. Plaintiff Fern Kottler filed a Response, ECF No. [50], to which Defendant filed a Reply, ECF No. [51]. The Court has carefully considered the parties' submissions, the record in the case, the applicable law, and is otherwise fully advised. For the following reasons, Defendant's Motion is denied.

The Court assumes the parties' familiarity with its May 13, 2020 Order, ECF No. [41], granting Plaintiff's Motion for Summary Judgment, ECF No. [19],[1] and denying Defendant's Motion for Summary Judgment, ECF No. [22]. As such, the Court does not repeat the factual background or its legal analysis here.

---

[1] The Court granted Plaintiff's Motion "to the extent that the Court concludes that Defendant has violated the [Fair Debt Collection Practices Act]," but noted "this matter must proceed to trial on the issue of damages." May 13, 2020 Order 20–21 (alteration added). Following the Order, the parties stipulated as to the amount of Plaintiff's damages. *See* ECF No. [52].

This lawsuit concerns an unpaid medical debt and Defendant's attempt to collect it in violation of the Fair Debt Collection Practices Act ("FDCPA"). *See generally* May 13, 2020 Order. Plaintiff, an individual, suffered a work-related injury on February 5, 2018, and received medical treatment. *See id.* 1. Under Florida's Workers' Compensation Law, Plaintiff was not liable for payment. *See id.* 8–10. Notwithstanding, Defendant, a debt-collector, sent Plaintiff a letter ("Letter), ECF No. [19-1], stating Plaintiff's account had been referred to Defendant for collection and advising Plaintiff how to complete payment. *See* May 13, 2020 Order at 13.

In its May 13, 2020 Order, the Court concluded (1) the Letter violated that FDCPA because the "least sophisticated consumer" reading the same would understand it as a demand for payment; and (2) Defendant was not entitled to the *bona fide* error defense — an affirmative defense under the FDCPA. May 13, 2020 Order 15; *see also id.* 15–20.

Defendant now requests the Court reconsider the May 13, 2020 Order, arguing (1) the May 13, 2020 Order unlawfully finds Defendant is required to independently verify debts sent to it, *see* Mot. 2–7; and (2) whether the Letter implies Plaintiff owed a debt (instead of merely advising her a debt existed) is a question of fact, *see id.* 8–9.

As a preliminary matter, the Court finds the parties' argument about the governing legal standard immaterial to its analysis. Plaintiff draws a distinction among standards under Rule 59 and Rule 60[2], arguing Defendant's motion should be analyzed under the former. *See* Resp. 5. "While Rule 59(e) does not set forth any specific criteria, the courts have delineated three major

---

[2] Both Rule 59 and Rule 60 pertain to final judgments, and a party seeking reconsideration of a final judgment may move pursuant to one or the other depending on the procedural posture of the case. *See, e.g., Bey v. Carrington Mortg. Servs., LLC*, No. 19-11588, 2020 WL 1285853, at *2 n.4 (11th Cir. Mar. 18, 2020) ("A motion for reconsideration made after final judgment falls within the ambit of either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from judgment or order)." (alterations adopted)).

grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Waite v. AII Acquisition Corp.*, 194 F. Supp. 3d 1298, 1307 (S.D. Fla. 2016) (internal quotation marks omitted; collecting cases). Defendant insists a "more lenient standard," under Rule 54(b)[3] applies because the May 13, 2020 Order was interlocutory. Reply 4. Here, the Court "see[s] no reason to apply a different standard when the party seeks reconsideration of a non-final order." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993) (alteration added); *see also In re Chiquita Brands Int'l, Inc. Alien Tort Statute & S'holder Derivative Litig.*, No. 08-md-01916, 2017 WL 11095100, at *1 (S.D. Fla. Mar. 27, 2017) ("[Rule 54(b)] is guided by the same standards controlling motions to alter or amend judgment under Rule 59(e)" (alteration added)). In any event, Defendant acknowledges its "Motion alleges clear error," – one of the grounds for reconsideration under the Rule 59 standard. Reply 1 (bold omitted).

"[C]lear error or manifest injustice occurs where the Court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. Such problems rarely arise and the motion to reconsider should be equally rare.'" *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (alteration adopted; quoting *Compania de Elaborados de Cafe v. Cardinal Capital Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003)). "In order to demonstrate clear error, the movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived." *Compania de Elaborados de Cafe*, 401 F. Supp. 2d at 1283 (citation omitted); *see also Colomar v. Mercy Hosp., Inc.*, 242 F.R.D. 671, 684 (S.D. Fla. 2007) ("[T]o the extent [the movant]

---

[3] Rule 54(b) provides non-final orders or decisions "may be revised at any time before the entry of a judgment."

3

merely reargues points previously considered and rejected by the Court, or tries to raise new arguments and point to new evidence that could have been raised earlier, this is insufficient grounds to satisfy the clear error or manifest injustice standard for granting a motion for reconsideration." (alterations added; citations omitted)).

Defendant first argues the Court holds, in error, a debt-collector is *required* to independently verify debts sent to it in order to be entitled to the *bona fide* error defense. *See* Mot. 2–7. Defendant misunderstands the May 13, 2020 Order.

To be entitled to the *bona fide* error defense, a debt-collector must maintain procedures "reasonably adapted to avoid" violation of the FDCPA. *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011). Defendant argues — as it did in its Motion for Summary Judgement, ECF No. 22 — its procedures are reasonably adapted to avoid violating the FDCPA because it "scrub[s] all incoming files for indicators of worker's compensation." Mot. 6 (alteration added). According to Defendant, this procedure allows it to identify "readily discoverable errors," Mot. 3 (internal quotation marks omitted), and under *Owen*, it need not do more.

Although *Owen* is instructive, it certainly does not dictate a conclusion in favor of Defendant. In *Owen*, the court found the defendant-debt-collector was not entitled to the *bona fide* error defense where it failed to review a file containing a readily discernible miscalculation of the plaintiff's debt. *See* 629 F.3d at 1275–77. Defendant insists its procedures are sufficient under *Owen* because, unlike the *Owen* debt-collector, Defendant *did* review its files for readily discernible errors. *See* Mot. 6. However, the error at issue in *Owen* is materially different from the one here. The error in *Owen* was a miscalculation that *could have* been identified on review of the file. *See* 629 F.3d at 1275. Here, the error is one of omission; in other words, because of the incomplete information received from the creditor, Defendant could not have identified the error

notwithstanding its "scrubbing" policy. *See* May 13, 2020 Order (noting "[t]he file . . . transmitted to [Defendant contained] no reference to workers' compensation[.]" (alterations added). In this case, therefore, Defendant's internal procedure is not reasonably adapted to avoid violation of the FDCPA because the procedure could *never* remedy an error of omission.

Although Defendant's current internal procedure is not "readily adapted" to avoid violating the FDCPA, the May 13, 2020 Order does not *require* (as Defendant insists it does, *see* Mot. 2–7) Defendant consult third-party sources to validate debts received from clients. The May 13, 2020 Order merely notes this procedure is an option. To be sure, other procedures are available to Defendant. It could, for example, include language in its client-contracts requiring clients not knowingly refer files subject to workers' compensation claims. Indeed, it appears one of Defendant's client-contracts has a similar provision with respect to files concerning bankrupt or disputed accounts. *See* Third Party Collection Services Agreement, ECF No. [21], § 1.4.

At bottom, while the Court will not dictate the exact procedures Defendant must enact to avoid violating the FDCPA, Defendant may not rely on a procedure that could never remedy the type of error at issue. Accordingly, Defendant's first argument fails.

Defendant next argues it is a question of fact whether the Letter implies Plaintiff owes the debt in question, instead of merely advising her of the debt's existence. *See* Mot. 7–9. This part of Defendant's Motion repeats the arguments made at the summary judgment stage of litigation. *See* Def.'s Resp. to Pl.'s Mot. Summ. J., ECF No. [29], 2 ("there is a genuine dispute regarding whether the letter contained a false statement under the standard of the least sophisticated consumer."). The Court has already found Defendant's argument on this point fails to persuade, and as noted, in seeking reconsideration, a movant "must do more than simply restate his or her

previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived." *Compania de Elaborados de Cafe*, 401 F. Supp. 2d at 1283 (citation omitted).[4]

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Defendant, Gulf Coast Collection Bureau, Inc.'s Motion for Reconsideration of Order Denying Motion for Final Summary Judgment, ECF No. **[47],** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 9, 2020.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

---

[4] Defendant avers "[a]lthough the Court noted there was no dispute regarding the content of the letter, it did not consider whether reasonable disputes exist regarding inferences to be drawn from the letter." Reply 7 (alteration added). This is incorrect. The Court found, "In this case . . . there is no genuine issue of material fact as to whether the Letter contained a false representation of the character or legal status of the debt because Plaintiff was not liable under Florida's Workers' Compensation Law for payment of the . . . debt." May 13, 2020 Order 14 (alterations added).